Dear Mr. Babin:
You requested an Attorney General's opinion on behalf of the City of Scott regarding the payment of attorney's fees for three police officers employed by the City. You advised that the officers were involved in two separate officer-related shootings. Both incidents were investigated by the Louisiana State Police, and the District Attorney has refused criminal charges against all three officers. During the course of said investigations, each officer hired an attorney to represent him, and now the officers are requesting that the City of Scott pay their attorney's fees. You question whether the City of Scott may legally pay the officers' attorney's fees.
With respect to your question, La. R.S. 42:1442(A) provides in pertinent part:
 A. When (1) a law enforcement officer, employed by the state or an agency thereof or by a political subdivision, as that term is defined in Article VI, Section 44 of the Constitution of Louisiana, has been subjected to an institution of prosecution for an alleged criminal act committed when the law enforcement officer is acting in good faith in the performance or in furtherance of the course and scope of his employment as defined by law and the policies and procedures of the law enforcement agency employing him, and (2) he is acquitted of the charge, the prosecution has been dismissed by the district attorney, or the periods of time have expired in which he could be brought to trial and convicted, the officer shall be reimbursed for reasonable attorney's fees incurred by him on account of the institution of prosecution. No reimbursement shall take place under the provisions of this Section until the suit is dismissed or finally adjudicated by a court of competent jurisdiction and the period for taking an appeal has expired. Reimbursement shall be from the governing authority by whom the officer was employed at the time of the alleged crime. (Emphasis added). *Page 2 
This statute provides for mandatory reimbursement of reasonable attorney's fees if a law enforcement officer is subjected to an institution of prosecution for an alleged criminal act committed in the course and scope of his employment, and the officer is acquitted or the prosecution has been dismissed. Because, as you indicated, none of the officers were subjected to an institution of prosecution, they do not meet the statutory requirements for reimbursement of their attorney's fees under R.S. 42:1442.
While the officers in question are not entitled to reimbursement under R.S. 42:1442, this office has consistently opined that if a public official or employee has been the subject of an investigation and/or prosecution of criminal charges arising out of the performance of the official functions of his office or employment, and the employee is exonerated, then the public body that employs that person may pay the reasonable attorney's fees and expenses that result from the defense against the charges. See Attorney General Opinion Nos. 04-0133, 99-180, 97-117, 96-95, 94-384, 93-376, 91-474, 89-110, 85-822 and 79-349. Whether the fees incurred were reasonable and necessary is a factual determination that must be made by the City. In making this determination, the City should consider whether there was a need for legal services, and whether the number of hours spent by the attorneys, as well as the hourly rates, are reasonable and necessary.
Accordingly, it is the opinion of this office that the City of Scott may, at its discretion, pay the officers' attorney's fees provided: (1) the alleged offense(s) arose out of the performance of the police officers' official functions (2) the investigations did not result in an institution of prosecution and (3) the City determines that the fees incurred were necessary and reasonable.
Trusting this adequately responds to your inquiry, we remain
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _____________________ KENNETH L. ROCHE, III Assistant Attorney General